IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Seon Deon Jonas,      )     No.  CV-13-01405-PHX-SPL
                  )
          Petitioner,   )
                  )     **ORDER**
vs.                  )
                  )
Charles L. Ryan, et al.,   )
                  )
        Respondents.  )
                  )

       Petitioner Seon Deon Jonas has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Honorable Bridget S. Bade, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Doc. 22), recommending that the petition be denied. Petitioner has objected to the R&R (Docs. 27, 29), to which Respondents have responded (Doc. 28). For the following reasons, the Court accepts and adopts the R&R, and denies the petition.

**I.     Background**

       In 2002, Petitioner was indicted in the Maricopa County Superior Court, Case No. CR 2002-080610, on three counts of sexual assault, two counts of kidnapping, one count of sexual indecency, and one count of sexual abuse. (Doc. 14-1, Exh. A.) [1] Following a jury trial, Petitioner was found guilty of the three counts of sexual assault, and not guilty of the remainder. (Doc. 14-1, Exh. B.) In 2003, he was sentenced to three consecutive

---

[1]    The Court assumes the parties' familiarity with underlying facts of conviction which, for the reasons below, need not be reached on habeas review.

terms of imprisonment, totaling 27 years. (Docs. 1-4 at 261-264; 14-2, Exh. O.) On direct appeal, Petitioner's three convictions and one sentence was affirmed, and he was subsequently resentenced on the two counts on September 7, 2007. (Doc. 14-2, Exh. O.) Ultimately, Petitioner was sentenced to a total of 27 years of imprisonment. (Id.)

In July 2013, Petitioner, through counsel, filed the instant Petition for Writ of Habeas Corpus raising four claims for relief. (Doc. 1.) Respondents filed an Answer, in which they argue that the petition should be dismissed as untimely, or alternatively, should be dismissed because Petitioner's claims are either procedurally defaulted and otherwise lack merit. (Doc. 14.)

**II.      Standard of Review**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge in a habeas case. *See* 28 U.S.C. § 636(b)(1). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See id.;* Fed. R. Civ. P. 72(b)(3); *United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003).  However, a petitioner is not entitled as of right to *de novo* review of evidence and arguments raised for the first time in an objection to the R&R, and whether the Court considers the new facts and arguments presented is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

**III.      Discussion**

Having reviewed the objected to recommendations *de novo*, the Court finds that the Magistrate Judge correctly concluded that Petitioner's claims are time-barred.

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a State court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Such petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[2] 28 U.S.C. § 2244.

---

[2]      The AEDPA applies to federal habeas petitions filed after its effective date, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

The AEDPA imposes a 1-year statute of limitations in which "a person in custody pursuant to the judgment of a State court" can file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

### A.    Commencement of Limitations Period

The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Following a second round of direct appeal, on May 7, 2009, the Arizona Supreme Court summarily denied review, thereby affirming Petitioner's sentences. (Doc. 14-2, Exh. S.) Petitioner's judgment therefore became final on August 5, 2009, when the time for filing a petition for writ of certiorari in the United States Supreme Court had expired.[3]

---

[3]    A valid argument can be made that because the petition for review to the Arizona Supreme Court was untimely filed, Petitioner's judgment became final under § 2244(d)(1)(A) in January 2009, when the time for seeking direct review had expired. (Doc. 14-2, Exhs. Q, R.) *See* Ariz. R. Crim. P. 31.19; *Gonzalez v. Thaler*, 565 U.S. __, 132 S. Ct. 641, 656 (2012) (where a state prisoner does not seek review in the State's highest court, the judgment becomes final on the date the time for seeking such review expires). However, as reasoned by the Magistrate Judge, because it does not change the outcome of this case, the Court liberally construes the date of finality as May 7, 2009.

Further, the Court notes that while the Arizona Court of Appeals subsequently issued its mandate on June 11, 2009 (Doc. 14-2, Ex. T), the period for filing a petition for writ of certiorari in the United States Supreme Court was triggered by the Arizona Supreme Court's denial on May 7, 2009. *See* Sup. Ct. R. 13.1(3) (stating that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate...").

*See Burton v. Stewart*, 549 U.S. 147, 156-157 (2007) (final judgment in a criminal case is the sentence); *Porter v. Ollison*, 620 F.3d 952, 958-959 (9th Cir. 2010) ("When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is 90 days after the decision of the state's highest court."). Therefore, as found by the Magistrate Judge, the one-year limitations period would have commenced on August 6, 2009 pursuant to 28 U.S.C. § 2244(d)(1)(A).

Petitioner objects to the Magistrate Judge's finding that the limitations period commenced on the date judgment became final pursuant to 28 U.S.C. § 2244(d)(1)(A). (Doc. 27 at 4.) Rather, he maintains that the limitations period commenced on March 20, 2012 pursuant to 28 U.S.C. § 2244(d)(1)(C), when *Martinez v. Ryan*, 566 U.S. ___, 132 S.Ct. 1309 (2012) was announced and first recognized the constitutional right Petitioner seeks to advance in his federal habeas petition. Petitioner did not raise this argument before the Magistrate Judge, and therefore should not be permitted to advance it here. *See Howell, supra.* Nevertheless, the argument fails.

First, the *equitable* rule in *Martinez* "applies only to the issue of cause to excuse the procedural default of an ineffective assistance of …counsel claim that occurred in a state collateral proceeding" and "has no application to the operation or tolling of the § 2244(d) statute of limitations" for filing federal habeas petitions. *Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 943 (11th Cir. 2014) (citing *Arthur v. Thomas*, 739 F.3d 611, 629-631 (11th Cir. 2014)). *See Manning v. Epps,* 688 F.3d 177, 189 (5th Cir. 2012) (*Martinez* does not extend to the statute of limitations period under 28 U.S.C. § 2244(d)(1)(B)); *Madueno v. Ryan*, 2014 WL 2094189, at *7 (D. Ariz. May 20, 2014) ("*Martinez* has no application to the statute of limitations in the AEDPA which governs Petitioner's filing in federal court"); *McMonagle v. Meyer*, __ F.3d __, 2015 WL 5806186, at *4 (9th Cir. Oct.

6, 2015) (distinguishing that, as addressed in *Martinez,* "[e]xhaustion, occurs at the end of state-court review," whereas "[f]inality," for purposes of § 2244(d), "occurs when direct state appeals have been completed") (internal citations and brackets omitted). Second, *Martinez* did not recognize a *constitutional right* for the first time for purposes of § 2244(d)(1)(C) or created a right to a freestanding "*Martinez* claim" for relief based on ineffective assistance of state post-conviction relief counsel. *See Martinez,* 132 S. Ct. at 1315 ("This is not the case, however, to resolve whether [an exception to the constitutional rule that there is no right to counsel in collateral proceedings] exists as a constitutional matter. The precise question here is whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding").

Therefore, because the one-year limitations period commenced on August 6, 2009 pursuant 28 U.S.C. § 2244(d)(1)(A), absent any tolling, it would have expired on August 5, 2010.

### B.   Statutory Tolling of Limitations Period

The AEDPA provides that the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999). As the Magistrate Judge concluded, here, Petitioner is not entitled to statutory tolling of the limitations period.

On August 3, 2009, Petitioner filed a Notice of Post-Conviction Relief. (Doc. 1-7 at 82.) The trial court ultimately denied relief because the notice was untimely filed, which Petitioner does not dispute. (Docs. 1-7 at 82; 27 at 2); *see* Ariz. R. Crim. P. 32.4(a) ("notice must be filed within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later"). Therefore, because the post-conviction relief notice was denied as untimely, it was not "properly filed" and did not statutorily toll the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the

state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)"). Likewise, as Petitioner's subsequent notices were also denied as untimely, or filed after the limitations period had expired, they also did not statutorily toll the limitations period under 28 U.S.C. § 2244(d)(2). *See Id.; Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief cannot restart the statute of limitations); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (state petition filed after the expiration of AEDPA's one-year period does not revive a limitations period that ended before state petition was filed).

Petitioner further objects to the R&R on the basis that, once the limitations period commenced on March 20, 2012, it was statutorily tolled pending the Arizona Supreme Court's denial of his petition seeking review of the denial of his 2009 post-conviction relief proceedings. Even if assuming *arguendo* that the limitations period commenced in 2012, it was not statutorily tolled thereafter. As previously discussed, the August 3, 2009 notice of post-conviction relief was not properly filed and therefore the time that passed pending the determination on the petition, and on review following the trial court's denial of relief, was not tolled. *See Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005). Commencement of the limitations period under 28 U.S.C. § 2244(d)(1)(C) does not serve to bypass the requirement that an application for post-conviction relief must be properly filed in order to statutorily toll the limitations period under 28 U.S.C. § 2244(d)(2).

### C.    Equitable Tolling of Limitations Period

Petitioner does not object to the Magistrate Judge's finding that he is not entitled to equitable tolling, and the Court is not compelled by the record to conclude otherwise. In his objections, Petitioner challenges the unreasonableness of the state courts' failure to consider the merits of his ineffective assistance of counsel claims and provide him with an evidentiary hearing. However, he offers no persuasive explanation as to how the state courts' inadequacies prevented him from timely filing a federal habeas petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) ("a petitioner is entitled to equitable tolling

only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" his federal habeas petition) (internal quotations omitted). Counsel maintains that when she "took over the case, she could not immediately file a federal Petition for Writ of Habeas Corpus" because she "could not ethically assert a federal habeas claim on an issue not expressly recognized as a federal constitutional right by the United States Supreme Court." (Doc. 27 at 3.) Even if this type of reasoning could qualify as a circumstance that prevented a petitioner from timely filing a federal habeas petition, as previously addressed, *Martinez* did not recognize a new constitutional right – but an avenue of relief that excuses a petitioner's failure to exhaust certain claims.[4] Therefore, because the instant habeas petition was not filed until 2013, approximately three years after the limitations period had expired, Petitioner's claims are time-barred.[5]

### D.    Federal Habeas Petition Filing Date

Lastly, Petitioner objects to the Magistrate Judge's finding that his federal habeas petition was filed on July 15, 2013, and asks that the petition be deem as filed on July 11, 2013. (Doc. 27 at 9-10.) Counsel maintains that "[a]t the very least, this matter should be considered at the evidentiary hearing to which Petitioner is entitled" where "undersigned counsel can personally testify, as can her paralegal, as to the repeated efforts to file via a system that is demonstrably user-unfriendly." (Id.) Because the 2013 habeas petition filing date is immaterial to the Court's finding that the petition is time-barred because it was filed several years after the statute of limitations had expired, it need not resolve this objection.

---

[4]    The Court declines to hypothesize whether Petitioner could or would have benefited from *Martinez* to excuse his failure to exhaust his claims had he filed a federal habeas petition within the limitations period. It does note, however, that not all of Petitioner's habeas claims are based on ineffective assistance of counsel.

[5]    Petitioner does not maintain a claim of actual innocence, or otherwise argues that an exception to the application of the statute of limitations should be made. *See McQuiggin v. Perkins*, 569 U.S. __, 133 S. Ct. 1924, 1928 (2013) ("[A]n actual-innocence gateway claim" may serve as an exception to AEDPA's limitations period) (adopting *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995)).

**IV.    Conclusion**

The Court finds that the Petitioner's federal habeas petition is time-barred. Consequently, the Court denies Petitioner's request for an evidentiary hearing on the merits of his claims. Having reviewed the record as a whole, and finding none of Petitioner's objections have merit, the R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1.    That Magistrate Judge Bade's Report and Recommendation (Doc. 22) is **accepted** and **adopted** by the Court;

2.    That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**;

3.    That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable; and

4.    That the Clerk of Court shall **terminate** this action.

Dated this 30th day of October, 2015.


Honorable Steven P. Logan
United States District Judge